UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x Docket No.: 2:17-cv-06919
RICHARD HERNANDEZ, STEVE HERNANDEZ
AND MARIA KEEGAN,

                                                  Plaintiffs,    **ANSWER**

       -against-

THE MONEY SOURCE INC.,

                                                  Defendants.

----------------------------------------------------------------------x

       Defendant THE MONEY SOURCE INC. (hereinafter referred to as "Defendant") by its attorneys, Certilman Balin Adler & Hyman, LLP, as and for its answer to the complaint filed by plaintiffs RICHARD HERNANDEZ, STEVE HERNANDEZ AND MARIA KEEGAN (hereinafter collectively referred to as "Plaintiffs"), dated November 27, 2017 (hereinafter the "Complaint") alleges as follows:

## NATURE OF CLAIMS

1.     The defendant admits the allegations of paragraph "1" of plaintiffs' complaint.

2.     The defendant denies each and every allegation set forth in paragraph 2 of plaintiffs' complaint.

3.     The defendant denies each and every allegation set forth in paragraph 3 of plaintiffs' complaint.

4.     The defendant denies each and every allegation set forth in paragraph 4 of plaintiffs' complaint.

5.     The defendant denies each and every allegation set forth in paragraph 5 of plaintiffs' complaint.

## JURISDICTIONAL STATEMENTS

6. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 6 of plaintiffs' complaint except admits that this Court does have jurisdiction over such claims provided plaintiffs have complied with the statutory provisions of 12 USC 5567.

7. The defendant denies knowledge or information sufficient to form a belief as to the allegation set forth in paragraph 7 of plaintiffs' complaint except denies that plaintiff should be entitled to such relief.

8. The defendant admits the allegations set forth in paragraph 8 of plaintiffs' complaint.

## PROCEDURAL REQUIREMENTS

9. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 9 of plaintiffs' complaint.

10. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 10 of plaintiffs' complaint.

## PARTIES

11. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 11 of plaintiffs' complaint.

12. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 12 of plaintiffs' complaint.

13. The defendant admits the allegations of paragraph 13 of plaintiffs' complaint.

14. The defendant admits the allegations of paragraph 14 of plaintiffs' complaint.

15. The defendant admits the allegations of paragraph 15 of plaintiffs' complaint.

Case 2:17-cv-06919-GRB-AYS Document 10 Filed 01/30/18 Page 3 of 12 PageID #: 32

## STATEMENT OF FACTS

16. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 16 of plaintiffs' complaint.

17. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 17 of plaintiffs' complaint.

18. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 18 of plaintiffs' complaint.

19. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 19 of plaintiffs' complaint.

20. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 20 of plaintiffs' complaint except admits that discussions took place about employment possibilities for the plaintiffs.

21. The defendant denies knowledge or information sufficient to form a belief as to the allegations of paragraph 21 of plaintiffs' complaint except admit there were discussions between Mr. Mirshazadeh and Mr. Richard Hernandez on behalf of the plaintiffs.

22. The defendant denies each and every allegation set forth in paragraph 22 of plaintiffs' complaint.

23. The defendant denies each and every allegation set forth in paragraph 23 of plaintiffs' complaint.

24. The defendant denies each and every allegation set forth in paragraph 24 of plaintiffs' complaint except denies knowledge or information sufficient to form a belief as to what was significant to plaintiffs.

25. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 25 of plaintiffs' complaint.

26. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 26 of plaintiffs' complaint.

27. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 27 of plaintiffs' complaint.

28. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 28 of plaintiffs' complaint except admit that in or about July, 2016 there was a meeting among Hernandez, Ford and Lara.

29. The defendant denies each and every allegation set forth in paragraph 29 of plaintiffs' complaint.

30. The defendant denies each and every allegation set forth in paragraph 30 of plaintiffs' complaint.

31. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 31 of plaintiffs' complaint.

32. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 32 of plaintiffs' complaint.

33. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 33 of plaintiffs' complaint.

34. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 34 of plaintiffs' complaint.

35. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 35 of plaintiffs' complaint.

6522981.1

36. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 36 of plaintiffs' complaint.

37. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 37 of plaintiffs' complaint.

38. The defendant admits the allegations of paragraph 38 of plaintiffs' complaint.

39. The defendant admits the allegations of paragraph 39 of plaintiffs' complaint.

40. The defendant denies each and every allegation set forth in paragraph 40 of plaintiffs' complaint.

41. The defendant denies each and every allegation set forth in paragraph 41 of plaintiffs' complaint.

42. The defendant denies each and every allegation set forth in paragraph 42 of plaintiffs' complaint.

43. The defendant denies each and every allegation set forth in paragraph 43 of plaintiffs' complaint.

44. The defendant denies each and every allegation set forth in paragraph 44 of plaintiffs' complaint.

45. The defendant denies each and every allegation set forth in paragraph 45 of plaintiffs' complaint.

46. The defendant denies each and every allegation set forth in paragraph 46 of plaintiffs' complaint.

47. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 47 of plaintiffs' complaint.

48. The defendant denies each and every allegation set forth in paragraph 48 of plaintiffs' complaint.

49. The defendant denies each and every allegation set forth in paragraph 49 of plaintiffs' complaint except deny knowledge or information sufficient to form a belief as to the allegation that plaintiffs have not been able to secure equivalent employment or compensation elsewhere.

50. The defendant denies each and every allegation set forth in paragraph 50 of plaintiffs' complaint.

51. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 51 of the plaintiffs' complaint.

52. The defendant denies each and every allegation set forth in paragraph 52 of plaintiffs' complaint.

53. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 53 of plaintiffs' complaint except admits that the referenced rule requires certain loan disclosures within a statutory period of time.

54. The defendant denies each and every allegation set forth in paragraph 54 of plaintiffs' complaint except admit that the rule is intended to provide protections to financial consumers.

55. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 55 of plaintiffs' complaint.

56. The defendant denies each and every allegation set forth in paragraph 56 of plaintiffs' complaint except admit that plaintiff Richard Hernandez raised objections to a purported non-compliance with the timeliness regulations of certain disclosures.

57. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 57 of plaintiffs' complaint.

58. The defendant denies each and every allegation set forth in paragraph 58 of plaintiffs' complaint.

59. The defendant denies each and every allegation set forth in paragraph 59 of plaintiffs' complaint except admits that Richard Hernandez did complain about the timeliness of certain disclosures.

60. The defendant denies each and every allegation set forth in paragraph 60 of plaintiffs' complaint.

61. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 61 of plaintiffs' complaint.

62. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 62 of plaintiffs' complaint.

63. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 63 of plaintiffs' complaint.

64. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 64 of plaintiffs' complaint.

65. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 65 of plaintiffs' complaint.

66. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 66 of plaintiffs' complaint.

67. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 67 of plaintiffs' complaint.

68. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 68 of plaintiffs' complaint.

69. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 69 of plaintiffs' complaint.

70. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 70 of plaintiffs' complaint.

71. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 71 of plaintiffs' complaint.

72. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 72 of plaintiffs' complaint.

73. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 73 of plaintiffs' complaint.

74. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 74 of plaintiffs' complaint.

75. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 75 of plaintiffs' complaint.

76. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 76 of plaintiffs' complaint.

77. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 77 of plaintiffs' complaint.

78. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 78 of plaintiffs' complaint.

6522981.1

79. The defendant admits the allegations set forth in paragraph 79 of plaintiffs' complaint.

80. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 80 of plaintiffs' complaint.

81. The defendant admits that the plaintiffs complained about the manner in which certain disclosures were allegedly handled, but denies each and every other allegation set forth in plaintiffs' complaint.

82. The defendant denies each and every allegation set forth in paragraph 82 of plaintiffs' complaint.

83. The defendant admits the allegations set forth in paragraph 83 of plaintiffs' complaint.

84. The defendant denies each and every allegation set forth in paragraph 84 of plaintiffs' complaint.

85. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 85 of plaintiffs' complaint and refers this question of law to the Court.

86. The defendant denies each and every allegation set forth in paragraph 86 of plaintiffs' complaint.

### AS AND FOR A FIRST CAUSE OF ACTION
### Fraudulent Inducement Against the Defendant

87. The defendant repeats and re-alleges its answers to paragraphs 1 -87 of plaintiffs' complaint as if set forth more fully at length herein.

88. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 93 of plaintiffs' complaint and refers this question of law to the Court.

89. The defendant denies each and every allegation set forth in paragraph 89 of plaintiffs' complaint.

90. The defendant denies each and every allegation set forth in paragraph 90 of plaintiffs' complaint.

### AS AND FOR A SECOND CAUSE OF ACTION
### Violation of 12 U.S.C. §5567

91. The defendant repeats and re-alleges its answers to paragraphs 1 -91 of plaintiffs' complaint as if set forth more fully at length herein.

92. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 92 of plaintiffs' complaint and refers this question of law to the Court.

93. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 93 of plaintiffs' complaint and refers this question of law to the Court.

94. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 94 of plaintiffs' complaint.

95. The defendant denies each and every allegation set forth in paragraph 95 of plaintiffs' and refers this question of law to the Court.

## AS AND FOR A THIRD CAUSE OF ACTION
### Breach of Contract

96. The defendant repeats and realleges in answers and responses to paragraphs 1-95 of plaintiffs' complaint as if set forth more fully at length herein.

97. The defendant admits the allegations of paragraph 97 of plaintiffs' complaint.

98. The defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 98 of plaintiffs' complaint.

99. The defendant admits the allegations of paragraph 99 of plaintiffs' complaint.

100. The defendant denies each and every allegation set forth in paragraph 100 of plaintiffs' complaint.

101. The defendant denies each and every allegation set forth in paragraph 101 of plaintiffs' complaint.

102. The defendant denies each and every allegation set forth in paragraph 102 of plaintiffs' complaint.

103. The defendant denies each and every allegation set forth in paragraph 103 of plaintiffs' complaint.

104. The defendant denies each and every allegation set forth in paragraph 104 of plaintiffs' complaint.

105. The defendant denies each and every allegation set forth in paragraph 105 of plaintiffs' complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiffs' stated grounds for their termination is pretextual.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Fraud in the Inducement claims fail to state a claim pursuant to Rule 12(b)(6) because it has not been pled with the particularity required by Rule 9(b).

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Fraud in the Inducement claim is duplicative of the Breach of Contract claim.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The Court should decline to exercise supplemental jurisdiction over the Fraud and Contract claims pursuant to 28 USC 1367(c).

**WHEREFORE**, Defendants demand judgment dismissing the Complaint, for the costs and disbursements in connection with the action and for such and further relief as the Court deems just equitable and proper.

Dated: East Meadow, New York
January 29, 2018

                                  **CERTILMAN BALIN ADLER & HYMAN, LLP**

By: _____
John H. Gionis, Esq.
*Attorneys for Defendant The Money Source Inc.*
90 Merrick Avenue
East Meadow, New York 11554
Telephone:   (516) 296- 7000
jgionis@certilmanbalin.com

TO: **LAW OFFICES OF LAUREN GOLDBERG, PLLC**
Lauren Goldberg, Esq.
*Attorneys for Plaintiffs*
65 Broadway, 7th Floor
New York, NY 10006
646-452-8380