# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NEW YORK 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

† Also admitted in New Jersey

Author: Joseph M. Labuda – Member †
Direct E-Mail Address: joe@mllaborlaw.com
Direct Dial: (516) 303-1380

November 16, 2021

Judge Gary R. Brown
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip New York 11722

**RE:    Hernandez v. The Money Source (15 CV 6919)**
        **MLLG File No. 153-2021**

Dear Judge Brown:

      This law firm was recently retained by the Defendant, The Money Source, to take over as lead counsel in the trial in the above-referenced matter scheduled for January 11, 2022. It is anticipated that my partner Michael Mauro and I will be representing the Defendant at trial with a limited role at trial by Certilman Balin counsel, John Gionis. We are aware of the Court's order dated October 27 denying an extension of the trial date. This letter shall serve as Defendant's motion for reconsideration and/or motion for a brief extension to March 17, 2021 of the trial based on new circumstances not raised in Defendant's October 26 letter to the Court. We have contacted Plaintiffs, and they do not consent to any extension of the trial date. However, there are several new grounds upon which the request for an extension should be granted.

      First, as noted above, this law firm was recently retained by Defendant as lead counsel in this matter at trial due to Certilman Balin's commitments on other legal matters including, but not limited to, another trial that John Gionis is slated for in May 2022, STEPHEN KATZ, MICHAEL LOEB, DONALD CHAIFETZ, and JAMES V. ZIZZI, Individually and on behalf of Hampton Hills Associates General Partnership and STEPHEN KATZ, MICHAEL LOEB, DONALD CHAIFETZ and JAMES V. ZIZZI derivatively on behalf of Hampton Hills Operating Corp., v. Hampton Hills Associates General Partnership, Hampton Hills Operating Corp., as Nominal Defendants on the derivative claims and BARRY J. BEIL, STANLEY PINE, FINKLE ROSS & ROST LLP and FINKLE & ROSS LLP, (Index No. 600510-11), which is a 10-year old case in New York State Supreme Court that was scheduled for trial *prior to* the scheduling of the instant trial date. It is a substantial trial that will likely last over a month to complete. Due to the complexity and scope of that case, it will require multiple months of ramping up and preparation. This ultimately means that Mr. Gionis, who has been acting as Defendant's lead counsel, admitted to Defendant that he neither has the time nor capacity to handle this matter on his own, which is why Milman Labuda was retained to act as lead counsel in representing Defendant's on pretrial and trial incidents such as:

- motions in limine,
- jury instructions,
- witness preparation,
- witness examination,
- expert preparation, and
- expert examination.

Since Milman Labuda was recently retained, we are requesting a brief extension in order to prepare for the trial. In addition, I personally have another trial scheduled for January 16, 2021 in another matter in New York State Supreme Court, ironically styled <u>Hernandez v. Mark Silver Landscaping</u>, (no relation to the instant Plaintiffs) (Index No. 601462-2018) and would appreciate the accommodation of a brief adjournment in this matter.

First, it should be noted that several of the attorneys listed for Defendant under this caption are actually **not** playing any role at trial and have **not** played any role in the defense of this matter.

Specifically, please note the following for each counsel originally listed for this matter:

- Paul Andrew Pagano is no longer working with Certilman Balin, and has not been working on this matter for some time.
- Paul Sweeney and Desiree Gargano, although at Certilman Balin, are also each not participating and have not participated in this matter, having recently withdrew their notices of appearance.
- Robert Goner is only a consulting attorney on this matter and will not be participating in the trial.
- Frank Giglio is Chief Legal Officer for The Money Source and is the Defendant representative, and he will likely either play a limited role at trial, or have no participation in the trial. This will be determined during forthcoming meetings concerning our transitioning into the lead counsel role.
- While John Gionis will remain on this case, as above indicated, he will have a limited role since he will be committing a majority of his time and resources in the coming months to his other trial.
- Lastly, Joshua Feldman will not be participating in the trial.

Second, in our limited review of the file, it appears that multiple evidentiary issues exist that will need to be addressed prior to the beginning of the trial, such as:

- Plaintiffs' multiple email exhibits that are inadmissible on the grounds of hearsay and relevance;
- Plaintiff's anticipated production of additional exhibits concerning their earnings from 2019 to present, which have not been produced to date;
- Defendant's anticipated request to supplement its exhibit list;
- Use of deposition testimony for available witnesses;

- Motions in limine
    - Capping of Plaintiffs' back-pay to January 2019, based on Defendant's sale and closure of its Mortgage Originations Division, platform and infrastructure, which includes any portfolio retention business to which it engaged;
    - Precluding of all or part of Plaintiffs' audio tape of the termination meeting which took place on November 4, 2016, based on hearsay and relevance (which will require a line-by-line analysis);
    - Precluding Plaintiffs' introduction of any Post-TMS employment emails concerning $3B as support of fraudulent inducement claim as irrelevant and hearsay;
    - Precluding Plaintiffs' introduction of 11.4.16 termination tape based on hearsay and relevance;
    - Admissibility of Analytics documents as business records;
    - Admissibility of Fannie Mae/ Freddie Mac historic rates based on judicial notice;
    - Admissibility of Fed Rates based on judicial notice

Third, the trial is set to begin directly after the holidays which makes trial preparation incredibly difficult with attorney and witness family schedules and commitments, among other scheduling challenges. Both Mr. Mauro and I have family out-of-state and/or country vacations scheduled for the Christmas and New Year's week. In addition, Defendant has conducted considerable outreach to its witnesses to address availability for trial preparation and subsequent attendance at a trial set as of today to commence on January 11th per his Honor. Multiple witnesses have already expressed their unavailability for both pretrial preparations and trial, due to the closeness to holidays, commensurate with other business and personal commitments. Moreover, it is important to note that multiple witnesses are out-of-state, located in the Mid-West and the West Coast, and need to arrange their travel plans as well, adding to the difficulty of their attendance at a January 11 trial date that is especially close following the holidays. In addition, Defendant will be calling several out-of-state, third-party witnesses to testify who no longer work at The Money Source. Although we have reached out as to their availability, some of these witnesses have not contacted us back as to their availability, raising a very real concern that they may not be available or unwilling to testify right after the holidays. Furthermore, other key out-of-state witnesses currently employed at The Money Source have also identified availability concerns regarding this close in proximity date and are ones to which no depositions were previously conducted.

Fourth, Defendant offered to mediate this case with a private mediator. Plaintiffs agreed to provide Defendant with a demand which would hopefully be the springboard needed to a successful mediation and settlement that could preclude the need for a trial and save judicial resources as well as resources of the parties. To date, Plaintiffs have not yet provided any such figure or definitive commitment to participate in such discussions, despite Defendant's willingness to do so, yet Defendant remains hopeful Plaintiffs will see the value in doing so in advance of trial.

Judge Gary R. Brown
November 16, 2021
Page 4

      Defendant does not believe that a short extension of the trial date will cause any prejudice, delay or resulting harm to Plaintiffs.  Accordingly, Defendant respectfully requests the Court approve a brief extension of the trial to March 17, 2022, so that the interests of justice may be accommodated, in light of the above considerations.

      Respectfully submitted,

*Joseph M. Labuda*

Joseph M. Labuda