**MILMAN LABUDA LAW GROUP PLLC**
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NEW YORK 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

December 10, 2021

Judge Gary R. Brown
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip New York 11722

RE:     Hernandez v. The Money Source (17-CV-6919)
           MLLG File No. 153-2021

Dear Judge Brown:

      Defendant respectfully submits this letter for leave to: (1) amend the JPTO, (2) supplement its expert report; and (3) re-depose Plaintiffs and their expert (Plaintiffs have already consented to the deposition of their expert and has provided dates). The basis for the requested relief is fully outlined in Defendant's December 6 letter and also based on the Court's recent order granting Plaintiffs leave to amend JPTO and supplement their expert report and add additional trial exhibits.

      Courts generally allow for the late submission of evidence to ensure issues are resolved on the merits. "[P]reclusion of evidence is a harsh remedy, [and] it should be imposed only in rare situations." *Lee Valley Tools, Ltd. v. Indus. Blade Co.*, 288 F.R.D. 254, 261 (W.D.N.Y. 2013) (alterations in original) (quoting *Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 156 (S.D.N.Y. 2012)); *see also Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988) (holding that precluding evidence is a "harsh" remedy that "should be imposed only in rare situations").

      Accordingly, based on the case law where the guiding principle is not to preclude evidence at trial and allow the jury to hear the complete facts surrounding a claim, Defendant requests the same opportunity afforded to Plaintiffs and like Plaintiff, be given the same opportunity to: (1) equally supplement the JPTO with the additional exhibits attached hereto as Exhibit A (which we provided to Plaintiffs on December 8); (2) Defendant has the equal opportunity to supplement its expert report; and (3) Defendant has the opportunity to re-depose Plaintiffs and their expert concerning their 2018 to present earnings and efforts to mitigate. See *Safespan Platform Sys., Inc. v. EZ Access, Inc.*, 2011 U.S. Dist. LEXIS 154113, 2011 WL 7473467, at *3 (W.D.N.Y. 2011), *report and recommendation adopted* 2012 U.S. Dist. LEXIS 31015, 2012 WL 777305 (W.D.N.Y. 2012) ("The dismissal of a defense or preclusion of evidence for failure to respond to a discovery request is a drastic remedy." (citing *Burnett v. Venturi*, 903 F. Supp. 304, 309 (N.D.N.Y. 1995))); *Kunstler v. City of New York*, 242 F.R.D. 261, 265 (S.D.N.Y. 2007) (stating that preclusion is "disfavored" quoting *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002).

                                                   Respectfully submitted,

                                                     *Joseph M. Labuda*

                                                     Joseph M. Labuda

cc: all counsel – via ECF