# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

† Also admitted in New Jersey

**Author: Joseph M. Labuda – Member** †
**Direct E-Mail Address:** joe@mllaborlaw.com
**Direct Dial: (516) 303-1380**

January 11, 2022

**VIA ECF**
The Honorable Judge Gary R. Brown
United States District Court, E.D.N.Y.
100 Federal Plaza
Central Islip, New York 11722

RE:   Hernandez v. The Money Source (17-CV-6919) (GRB)
          MLLG File No. 153-2021

Dear Honorable Judge Brown:

We represent the Defendant The Money Source ("TMS"). This letter shall serve as Defendant's request for leave to file a motion to dismiss Plaintiff's fraud in the inducement and breach of contract claims (collectively the "NYS Claims") on the ground that the Court lacks subject matter jurisdiction over such claims. As outlined below, the Court lacks supplemental jurisdiction over the NYS Claims as the sole federal claim brought pursuant to the Dodd Frank Consumer Financial Protection Act, 12 U.S.C. § 5567 ("CFPA") rests on completely unrelated facts. The basis for the motion is as follows.

It should be noted that, "failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." LaChapelle v. Torres, 37 F. Supp. 3d 672, 680, 2014 U.S. Dist. LEXIS 109780, *14 (S.D.N.Y. Aug. 7, 2014) quoting Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). Accordingly, upon a review of the complaint, the Court may also *sua sponte* dismiss the NYS claims for lack of supplemental jurisdiction without the need for motion practice

**Dismissal of the NYS Claims is Since the Court Lacks Supplemental Jurisdiction**

The Court lacks supplemental jurisdiction over the NYS Claims because they are predicated on facts that are completely unrelated to the CFPA claim. The scope of the Court's supplemental jurisdiction is set out in 28 U.S.C. § 1367(a):

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). Supplemental jurisdiction turns on whether federal claims and state claims asserted in a single action stem from the "same 'common nucleus of operative fact.'" Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d 321, 332 (2d Cir. 2011) quoting United Mine Workers v. Gibbs,

383 U.S. 715, 725, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966). Put differently, the question at hand is whether the relationship between the federal and state claims is "such that the plaintiff 'would ordinarily be expected to try them all in one judicial proceeding.'" Id. quoting Gibbs, 383 U.S. at 725. To make this determination, courts "have traditionally asked whether 'the facts underlying the federal and state claims substantially overlapped . . . [or] the federal claim necessarily brought the facts underlying the state claim before the court." Achtman v. Kirby, McInerney & Squire LLP, 464 F.3d 328, 335 (2d Cir. 2006) (alterations in original) quoting Lyndonville Sav. Bank, 211 F.3d at 704. Supplemental jurisdiction is lacking "when the federal and state claims rest[] on essentially unrelated facts." Lyndonville Sav. Bank, 211 F.3d at 704.

Here, there is no common nucleus of facts and are temporally distinct between the CFPA claim and NYS Claims. Specifically, the CFPA claim involves allegations of Defendant's retaliatory termination of Plaintiffs in response to protected activity (i.e. Plaintiff's verbal and written complaints concerning violation of federal mortgage disclosure laws). (See Dkt. No. 1, ¶¶ 51-86, 93-94).

In contrast, the NYS Claims are based on wholly unrelated facts and, in fact, occurred at different times so that there can be no question that they do not share common facts with the CFPA claim. See Wigand v. Flo-Tek,Inc., 609 F.2d 1028, 1033 (2d. Cir. 1980) (no supplemental jurisdiction where the federal claim rested on events that occurred prior to the state law claim). In particular, the fraud in the inducement claim concerns purported false representations made by Defendant in order to lure Plaintiff's to leave their prior employment and commence employment with Defendant (i.e. inflated financial figures to make Plaintiff's believe they had a certain level of earning potential). (See Dkt. No. 1, ¶¶ 21-50, 88-90). In fact, that claim revolves around pre-employment facts whereas the CFPA revolves around facts that are temporally distinct and deal with unrelated issues (i.e. complaints issued by Plaintiffs during their employment that allegedly resulted in their termination). Furthermore, the breach of contract claim concerns whether Plaintiffs were paid in accordance with their employment agreements (i.e. whether they were paid all commissions they were entitled to). (See Dkt. No. 1, ¶¶ 99-100, 104). The facts that form the basis of the breach of contract claim are wholly distinct from and unrelated to the facts surrounding the CFPA claim which relate to alleged objection or refusal to participate in allegedly unlawful activity under CFPA. (See Dkt. No. 1, ¶¶ 51-86, 93-94).

In sum, there is no factual connection between the NYS Claims and the sole federal CFPA claim. The facts that underpin the NYS Claims have absolutely no overlap or common nucleus with the CFPA claim. While the CFPA centers around Plaintiff's alleged termination as a result of engaging in protected activity, the NYS Claims center around alleged misrepresentations that occurred prior to Plaintiffs' employment with Defendants and whether they were paid in accordance with their employment agreements.

In conclusion, the Court should grant leave for Defendant to move to dismiss the NYS Claims due to lack of supplemental jurisdiction. Alternatively, the Court may *sua sponte* dismiss the NYS claims under its inherent powers.

Thank you for your attention to this matter.

Respectfully submitted,

*Joseph M. Labuda*

Joseph M. Labuda

cc: all counsel – via ECF