# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NEW YORK 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

† Also admitted in New Jersey

Author: Joseph M. Labuda – Member †
Direct E-Mail Address: joe@mllaborlaw.com
Direct Dial: (516) 303-1380

January 12, 2022

The Honorable Gary R. Brown
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

RE:   **Hernandez v. The Money Source (17 CV 6919)**
      **MLLG File No. 153-2021**

Dear Judge Brown:

Defendant submits this Motion in Limine No. 9 to preclude Plaintiffs' Exhibits 1 - 99 and 101[1] from being introduced at trial based on Plaintiffs' failure to produce hard copies of these Exhibits as listed in the JPTO and as required by the Court's December 14, 2021 Order and the Court's Individual Rules.

On December 28, Defendant received Plaintiffs' Trial Exhibit binder as per the Court's Order. However, Plaintiffs' failed to include hard copies of Exhibits 88 - 99 and 101. There are simply no exhibits whatsoever. Inexplicably, Plaintiffs performed a disappearing act on its own exhibits as they are wholly absent in the binder Defendant received. Moreover, with regard to the remainder of Plaintiffs' Exhibits Nos. 1-87, the binder contains absolutely none of Plaintiffs' Exhibits listed in their JPTO dated September 17, 2021 - it is 100% inaccurate as compared to the JPTO.[2] For example:

> **Exhibit 1** - Plaintiffs' JPTO lists Exhibit 1 as an 8-page agreement Bates-stamped 1-8. However, Plaintiffs' Trial binder Exhibit 1 contains a 3-page agreement Bates-stamped 1-3;
> **Exhibit 2** - Plaintiffs' JPTO lists Exhibit 2 as a 1-page W-2 Bates-stamped 47. However, Plaintiffs' Trial binder Exhibit 2 contains a 3-page agreement Bates-stamped 4-6;
> **Exhibit 3** - Plaintiffs' JPTO lists Exhibit 3 as a 7-page agreement Bates-stamped 58-64. However, Plaintiffs' Trial binder Exhibit 3 contains a 2-page agreement Bates-stamped 7-8; and
> **Exhibit 4** - Plaintiffs' JPTO lists Exhibit 4 as a 1-page W-2 Bates-stamped 112. However, Plaintiffs' Trial binder Exhibit 2 contains a 5-page agreement Bates-stamped 171, 171 -174;

---

[1] Exhibit 100 is an audio recording which was provided in Plaintiffs' Trial Exhibit binder. Defendant is reviewing this recording for accuracy with the prior recording provided by Plaintiffs in discovery and reserves all rights to object and is not waiving any arguments raised in its Omnibus Motions In Limine Nos. 1 - 8 as to the admissibility of the recording.

[2] Presumably, if Plaintiffs sent a replica to the Court, the Court's Trial Exhibit binder received from Plaintiffs suffers these exact same infirmities.

Judge Gary R. Brown
January 12, 2022
Page 2

      All of Plaintiffs' remaining Exhibits Nos. 5-87 are equally non-conforming in that none of them reflect the Exhibits listed in Plaintiffs' JPTO.

      Plaintiffs' failure to comply with the Court's order severely prejudices Defendant in a substantial way by not having an accurate Trial Exhibit binder to work with to prepare for trial. Defendant is at a total loss as to what exhibits Plaintiffs intend to use at trial as the exhibits listed in the Trial Exhibit Binder are completely different than the JPTO.  Nor should Plaintiffs be permitted to change their exhibits listed in the JPTO.  (See below re fairness).  In addition, Defendant should not have to suffer severe prejudice because of Plaintiffs' failure to abide by the Court's order. Specifically, in order to prepare for trial, Defendant needs to review the Trial Exhibit binder, markup and comment on each exhibit, coordinate these exhibits with testimony on cross and direct and review the Trial Exhibit binder with Defendant and its witnesses but now cannot do so because Plaintiff's Exhibit binder is 100% nonconforming with the JPTO. Defendant cannot do any of its trial preparation because of Plaintiffs' colossal failure to provide an accurate Trial Exhibit binder as ordered by this Court. It makes no difference whether this was advertence or intentional on the part of Plaintiffs - the damage is done and puts Defendant in a substantial prejudicial position without a JPTO-conforming exhibit binder and not having a Trial Exhibit binder with over 100 exhibits to properly prepare for trial.

      Therefore, in order that Defendant not suffer substantial prejudice because of Plaintiffs' noncompliance, Plaintiffs must be precluded from offering any of these Exhibit Nos. 1 -99 and 101 based on their own failure to comply with the Court's order to provide Exhibits listed in their JPTO.

      This Court has already set clear and strong precedent on a party's failure to comply with the JPTO.  Specifically, on December 15, 2021, the Court precluded Defendant from introducing supplemental exhibits not listed on the JPTO since it did not conform to the JPTO.  Plaintiffs must be subject to the same fate and be treated the same as Defendant for their noncompliance with the JPTO and this Court's Order dated December 14, 2021.  See e.g. Godson v. Eltman, Eltman & Cooper, P.C., 2012 U.S. Dist. LEXIS 129280, *5, 2012 WL 3964750 ("courts also consider notions of fairness, finding that "what's good for the goose is good for the gander.") (W.D.NY. 2012); Access 4 All, Inc. v. Trump Int'l Hotel & Tower Condo., 2007 U.S. Dist. LEXIS 13560, 2007 WL 633951 ("However, what is good for the goose is good for the gander.") (S.D.N.Y. 2007).

      Accordingly, in the interest of equality, fairness, and justice, Plaintiffs must be treated the exact same way as Defendant and their JPTO-nonconforming Exhibit Nos.  1-99 and 101 must be equally precluded from being introduced at trial.

                                                    Respectfully submitted,

                                                    *Joseph M. Labuda*

                                                    Joseph M. Labuda

cc: all counsel – via ECF