# LAW OFFICES OF LAUREN GOLDBERG, PLLC
3 Columbus Circle, 15th Floor
New York, New York 10019
lg@lgoldberglaw.com

TELEPHONE: (646) 452-8380　　　　　　　　　　　　　　FACSIMILE: (646) 452-8663

January 13, 2022

**VIA ECF**
Honorable Gary R. Brown
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

   Re: Hernandez et al v. The Money Source
      17 CV 6919 (GRB)(AYS)

Hon. Gary R. Brown:

  I represent the Plaintiffs in the above referenced matter and write to respond to Defendant's motion in limine dated January 12, 2022 [Document 116] which has no merit. For the JPTO, the parties were required to state "the exhibits to be offered in evidence." The Court's Practice Rule III (a)(7). Pursuant to the Court's practice rules, two weeks prior to trial, "[a]ll exhibits must be pre-marked, exchanged with the other parties, placed in binders with tabs identifying the exhibit, and delivered to the Court at least two weeks before trial." The Court's Practice Rule III (b)(4). Plaintiffs abided by the rules and supplied the exhibits.

  The rules do not indicate that a party is not allowed to reduce the number of exhibits or change the order of the exhibits as listed in the JPTO. In preparing for trial, I was able to further streamline the exhibits that will be necessary for trial and accordingly did not include the exhibits I no longer intend to use. Additionally, in preparing for trial, I wanted to try (as best as possible) to place the exhibits in the order in which they will be introduced so as to simplify matters at trial. Defendant argues that the streamlining and the ordering somehow is prejudicial. In fact, it is the opposite and although Defendant wastefully tries to argue otherwise, there is no merit to his frivolous motion. Plaintiffs did not add any new exhibits but rather reduced the number of exhibits and changed the order according to when they will be introduced.

  Although Defendant disingenuously argues that Plaintiff's streamlining and ordering is equivalent to Defendant's prior actions, they are not comparable in the least. First, in preparing for the JPTO which was due on August 18, 2021 [Order dated June 23, 2021], the parties agreed to exchange drafts on August 12, 2021.[1] Remarkably, Defendant did not include its list of precise exhibits when the parties agreed to exchange drafts of the JPTO. Upon confronting Defendant with this deficiency, Defendant claimed that they did not have to specify the exhibits

---

[1] See Exhibit 1- Email Exchange between the parties dated August 1-3, 2021.

in the JPTO.[2] Rather than waste the Court's time with this matter, I agreed to not oppose Defendant's request for an extension of time which was granted by the Court. [Order dated August 16, 2021] The parties then submitted their JPTO which was subsequently due on September 17, 2021 [Order dated August 16, 2021. ] On December 10, 2021, just weeks before trial, Defendant sought to practically double their list of exhibits and add 75 new exhibits even though it had been months since the exhibit list had to be produced. [Document 88] Defendant never stated any reason for its lateness, let alone reason that would suffice as good cause. Moreover, when turning over its 75 new documents, there were various documents that should have been turned over at the beginning of discovery five years ago. Additionally, Defendant further failed to abide by the Court rules by not pre-marking its exhibits and also included exhibits that have been precluded by the court such as the TEAMS Handbook [Exhibit D]. See Order Dated December 14, 2021. Accordingly, the Defendant's apparent disregard for abiding by the Court's rules in regard to the exhibits, is entirely different than Plaintiffs' counsel streamlining and further organizing the exhibits so they make more sense chronologically at trial.

                                                    Respectfully Submitted,

                                                               /s/
                                                    Lauren Goldberg

cc:     John Gionis, Esq. Counsel for Defendant(via ECF)
cc:     Joshua Feldman, Esq. Counsel for Defendant (via ECF)
cc:     Frank Giglio, Esq Counsel for Defendant (via ECF)
cc:     Robert Goner, Esq. Counsel for Defendant (via ECF)
cc:     Joseph M. Labuda, Counsel for Defendant (via ECF)
cc:     Michael James Mauro, Counsel for Defendant (via ECF)

---

[2] See Exhibit 2- Email between the parties dated August 12, 2021.