UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

RICHARD HERNANDEZ AND STEVE HERNANDEZ,

                   Plaintiff,

       -against-

THE MONEY SOURCE INC.,

                Defendant.

----------------------------------------------------------------X

**FINAL**
**JURY CHARGE**
CV 17-6919 (GRB)

**GARY R. BROWN, United States District Judge:**

## INTRODUCTION

      Members of the jury, now that the evidence has been presented, it is my responsibility to instruct you on the law.  You will have a copy of these instructions in the jury room with you.  My instructions will be in three parts:

      FIRST:  I will instruct you on the general rules that define and govern the duties of a jury in a civil case.

      SECOND:  I will instruct you as to the legal elements of the claims pending in this case.

      THIRD:  I will give you some important principles to use during your deliberations.

## PART I:  GENERAL RULES

I. **Parties to the Judicial Process and Juror Duties**

*A. Juror Attentiveness*

      It is obvious that you have faithfully discharged your duty to listen carefully and observe each witness who testified during trial.

      Please continue to give me that same careful attention now.

**B.** *Role of the Court*

It is my duty to instruct you on the law.  You must accept my instructions and apply them to the facts as you determine them.

It would violate your sworn duty to base a verdict on any other view of the law other than the one I will give to you.  This means you must follow my instructions regardless of any opinion that you may have as to what the law might or should be, and regardless of whether any attorney has stated a legal principle differently from how I might state it now.

You must also consider these instructions as a whole during your deliberations and may not single out any instruction as alone stating the law.

**C.** *Jury to Disregard the Court's View*

As I mentioned, I have no opinion on the verdict you should reach.  If I made an expression, question, or ruling that seemed to indicate that I do have an opinion about this case, I instruct you to disregard it.

You also should not concern yourselves with the content of any discussion that I had with counsel at sidebar.

**D.** *Role of the Jury*

You are the sole and exclusive judges of the facts.  It is your duty to determine the weight of the evidence and the credibility of the witnesses, and you resolve any conflicts that there may be in the testimony.  You draw whatever reasonable inferences you decide from the facts as you have determined them.

**E.** *Juror Oath*

In carrying out this duty, remember that you took an oath to render judgment fairly and impartially, without prejudice or sympathy, and without any fear. You took an oath to base your verdict solely on the evidence in the case and the applicable law as I give it to you.

### F.   Improper Considerations

You must not be swayed by sympathy for any of the parties, or what the reaction of the parties or the public to your verdict may be.

You must not be influenced by any feelings you might have about the nature of the case, or by any feelings you might have about the race, religion, national origin, gender, or age of the parties or anyone participating in the trial.

You must not bear any prejudice against any attorney or their client because the attorney asked for a sidebar out of your hearing or for a ruling on the law. If you formed opinions or reactions of any kind to the lawyers in this case, I instruct you to disregard them. The personalities and conduct of counsel are not in issue here.

### II.   Burden of Proof

This is a civil case and the burden of proof in this action is on the plaintiffs to prove every essential element of each claim by a preponderance of the credible evidence. If you conclude that the plaintiffs failed to establish any essential element of a claim by a preponderance of the credible evidence in the case, you must decide against them on the issue you are considering. There are some issues as to which the defendant bears the burden of proof, which I'll explain.

To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of

witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the testimony and exhibits received into evidence, regardless of who produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties - that it is equally probable that one side is right as it is that the other side is right - then you must decide that issue against the party having this burden of proof.  That is because the party bearing this burden must prove more than simple equality of evidence – the party must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with this burden of proof need prove no more than a preponderance.  Thus, a fact has been proven by a preponderance of the evidence if the jury finds that the scales tip, however slightly, in favor of the party with the burden of proof as to that fact.

As I will explain, there are some matters that must be determined based on a different standard of proof: clear and convincing evidence.  Clear and convincing evidence is a higher standard than the preponderance of the evidence standard.  Clear and convincing means it is highly probable to be true.

**III.     Evidence**

*A.        Types of Evidence*

In determining the facts, it is your own recollection of the evidence that controls.  You should consider the evidence in light of your own common sense and experience, and you may draw reasonable inferences from the evidence.  The evidence in this case consists of the sworn testimony of the witnesses, the exhibits received in evidence, and stipulations.  As I indicated before, only the witnesses' answers are evidence and you are not to consider a question as evidence.  Also, disregard any testimony which I have ordered stricken. Only consider the

4

exhibits which have been received into evidence.  You may not consider exhibits which have been marked for identification but not received into evidence.

The parties have entered an agreement to stipulate that certain facts are true, and you should accept those matters as true.

Anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.

### B.  Direct and Circumstantial Evidence

You may consider both direct and circumstantial evidence in deciding whether a party has met the burden of proof.  Direct evidence is evidence that proves a disputed fact directly, such as when a witness testifies about what he saw, heard, or observed.  Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.  The law makes no distinction between direct and circumstantial evidence, and you may give either or both whatever weight you conclude is warranted.

Let me give you an example of direct and circumstantial evidence.  Suppose when you arrived this morning the sun was shining, and it was a nice day.  But as you sit here now, you do not know whether it is raining.  You cannot see outside so you have no direct evidence of whether it is raining.  But if someone walks in with a dripping wet raincoat and an umbrella, it would be reasonable and logical for you to conclude that it began to rain.

That is all there is to circumstantial evidence.  You infer on the basis of reason, experience, and common sense from an established fact or the lack of an established fact the existence or nonexistence of some other fact.

### C.  Inferences

An inference is not a suspicion or a guess.  It is a reasoned conclusion that a fact exists on the basis of another fact that you know exists.  It is a deduction or conclusion that you are permitted – but not required – to draw from the facts that have been proved by direct or circumstantial evidence. For example, if you saw someone sampling a new food and he or she makes a face, then you might infer he or she does not like it

The lawyers have argued that you should or should not make different inferences based on the evidence presented during trial.  Remember that it is for you, and you alone, to decide which inferences you will or will not draw.

### D.  Objections

There are some things you may not consider as evidence.

The objections that the lawyers made during trial are not evidence.  Testimony and exhibits can only be admitted into evidence if they meet certain criteria or standards, so it is the lawyers' duty to object when they believe evidence is not admissible.  You should not be influenced against a party because their lawyer made an objection.

Similarly, do not attempt to interpret my reactions to the lawyers or rulings on objections as somehow indicating how I think you should decide this case.  I am simply ruling on a legal question regarding that testimony or exhibit.  And remember that the lawyers' statements are not evidence.

### E.  Evidence or Witnesses Not Presented but Equally Available

The law does not require any party to present all available evidence or call as witnesses everyone who was present at any time or place, or who might have knowledge of the matters at issue.  The law also does not require any party to produce as exhibits all papers and objects

6

mentioned during trial.  But each party had an equal opportunity or lack of opportunity to call those witnesses or introduce that evidence.

### A.  Witness Credibility

It is your duty as jurors to determine the credibility of the witnesses and the importance of their testimony.  You must evaluate the testimony you heard and observed.  Carefully scrutinize the testimony, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth of and the weight to assign their testimony.

Your decision whether to believe a witness may depend on how the witness impressed you.  Was the witness candid and frank?  Or did it seem as if the witness was hiding something, being evasive, or suspect in some way?  How did the testimony on direct examination compare with cross-examination?  Was the witness's testimony consistent or inconsistent?  Did it appear that the witness knew what the witness was talking about?  Did the witness strike you as someone who was trying to report their knowledge accurately?

How much you choose to believe a witness may also be influenced by their bias.  Does the witness have a relationship with the parties that may affect how the witness testified?  Does the witness have some incentive, loyalty, or motive that might cause the witness to shade the truth?  Or does the witness have some bias, prejudice, or hostility that may have caused the witness, consciously or not, to give you something other than a completely accurate account of the facts?  Evidence that a witness may be biased towards one of the parties requires you to view that witness's testimony with caution, to weigh it with great care, and to subject it to close scrutiny.

7

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter when you are trying to decide if a person is truthful, straightforward, and accurate in their recollection.

How much you believe a witness may also be influenced by any interest that the witness may have in the outcome of the case. That interest may create a motive to testify falsely to advance that witness's own personal or professional interests. This is not to suggest that every witness who has an interest in the outcome of the case will testify falsely. It is for you to decide to what extent, if at all, a witness's interest has affected or colored their testimony.

Consider whether the witness had an opportunity to observe the facts testified about, as well as the witness's demeanor and ability to communicate effectively. Ask yourselves whether a witness's recollection of the facts stands up in light of the rest of the evidence. You should be guided by your common sense, your good judgment, and your experience.

### B. Discrepancies in Testimony and Prior Inconsistent Statements

You have heard evidence of what counsel has argued are discrepancies between a witness's testimony and that of others. You have also heard evidence that a witness has made a statement on an earlier occasion that counsel argues is inconsistent with their trial testimony. And counsel has urged you to reject some or all of that testimony based on these discrepancies or inconsistencies.

If you find that the testimony did include discrepancies or inconsistencies, that may be a basis to disbelieve the witness's testimony. But discrepancies and inconsistencies do not necessarily require you to discredit a witness entirely. Two witnesses may see or hear something differently, and innocent mis-recollection, like failure of recollection, is not uncommon. People sometimes forget things, and even truthful witnesses may be nervous and contradict themselves.

8

It is your job to determine the weight, if any, to assign to all or part of the testimony of a witness who has been impeached by discrepancies or prior inconsistent statements.  You should also consider whether the discrepancy or inconsistency pertains to a matter of importance or unimportance, and whether it results from innocent error or intentional falsehood.

If you find that any witness has willfully testified falsely as to any material fact, the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is quite likely to testify falsely about everything. You are not required to do that: you may accept so much of his or her testimony as you deem true and disregard what you feel is false.

It is for you to decide, based on your total impression of each of the witnesses, how to weigh the discrepancies or inconsistencies in their testimony.  You should, as always, use common sense and your own good judgment.

## PART II:  SUBSTANTIVE INSTRUCTIONS

Now for the second part of these instructions - the principles of law of the causes of action at issue that you must apply to the facts as you determine them to be.  Those causes of action are:

(1) Fraudulent Inducement

(2) Retaliation under the Dodd Frank Consumer Protection Act, 12 U.S.C. § 5567

(3) Breach of Contract

FRAUDULENT INDUCEMENT

The Plaintiffs claim that in recruiting them to work for Defendant

Defendant's representatives made representations that were false.  The Plaintiffs

assert they relied on these misrepresentations to leave their work at New Penn and

work for The Money Source. To recover for fraud, the Plaintiffs must prove by

clear and convincing evidence:

(1)     the Money Source made a statement of material fact to a plaintiff and/or

intended it to be conveyed to a plaintiff;

(2)     the statement was false;

(3)     the Defendant either knew that the statement was false or made the

statement recklessly without regard to whether it was true or false;

(4)     the Money Source made the statement to convince the Plaintiffs to rely on it;

(5)     the Plaintiffs did rely on the statements;

(6)     the Plaintiffs' reliance on The Money Source's statement was justifiable;

and

(7) the Plaintiffs sustained damages because of their reliance on the Money

Source's statements.

As explained earlier, clear and convincing means it is highly probable to be

true.

The first question you will be asked to decide is whether The Money Source

made the representations that I just mentioned. The next question you must decide

is whether those statements were material. A statement of material fact is material

if a reasonable person would consider it important.

The next question you will be asked to decide is whether The Money

Source's statements were false. A statement is false, if, taken as a whole, it

communicates something that is untrue when considered from the viewpoint of an

ordinary person.

If you decide the statement was false, you must next decide whether The

Money Source knew it was false or made the statement recklessly without regard

to whether it was true or false.

11

If you decide that The Money Source did know that the statements were false or that The Money Source acted recklessly in making the statements, you must next decide whether the statements were made to convince the Plaintiffs to leave their prior place of employment.

If you decide that The Money Source did make the statements in order to convince the Plaintiffs to leave New Penn, you must next decide whether the Plaintiffs relied on the statements. If you decide that the Plaintiffs did rely on The Money Source's statements, you must next decide whether the Plaintiffs were justified in relying on the statements.

If you decide that the Plaintiffs were justified in relying on the statements, you must next decide whether the Plaintiffs' sustained damages because they relied on The Money Source's statements. If you decide that the Plaintiffs did sustain damages as a result of the fraud, you must next decide the actual monetary loss the Plaintiffs sustained.

## RETALIATION CLAIMS UNDER THE DODD FRANK ACT

The Plaintiffs are claiming that The Money Source retaliated against them in violation of the employee protection provision of the Consumer Protection Act because the plaintiffs objected to the defendant's disclosure practices.

Under the Consumer Protection Act it is unlawful for an employer to retaliate against an employee who objects to his or her employer that the employer was violating that law.

To render a verdict in favor of the Plaintiffs for these claims, you must decide whether the Plaintiffs have proven by a preponderance of the evidence two elements that are relevant here:

(1)     that the plaintiffs engaged in "protected activity"; and

(2)     that The Money Source terminated their employment at least in part because the Plaintiffs had engaged in the protected activity.

### The First Element- The Protected Activity

Under the Consumer Protection Act, an employee engages in protected activity when he or she objects to his or her employer about any act or omission that he or she "reasonably believes" to be a violation of that law.

13

In this case, the Plaintiffs allege they objected to their managers that The Money Source was not complying with the integrated disclosures rule under the Consumer Protection Act, i.e., it was not providing their customers with the required mortgage disclosures consistent with the law.

You must decide whether the Plaintiffs had a reasonable belief that the conduct they were objecting to was a violation of the law.

The Plaintiffs need only show that they "reasonably believed" that the conduct objected to constituted a violation of the Consumer Protection Act. Reasonable belief requires that they show they actually believed there was a violation of law and that it was reasonable for them to believe this based upon their knowledge and experience.

<u>The Second Element - The Causal Connection Between the Objections and
the Plaintiffs' Dismissals</u>

If you find that Plaintiffs' belief was reasonable and had been communicated to Defendant, you must decide whether the Plaintiffs' protected activity was a contributing factor for the termination of their employment. The Plaintiffs must prove their protected activity was a contributing factor that caused The Money Source to discharge the Plaintiffs. They do not have to prove that their objections were the sole, or even the primary reason, for their terminations.

If you find that the Plaintiffs have established the foregoing elements by a preponderance of the evidence, then the burden shifts to the Defendant to prove by clear and convincing evidence that it would have dismissed the Plaintiffs even if they had not objected to the purported violations.

<u>BREACH OF CONTRACT</u>

Plaintiffs Richard Hernandez and Steve Hernandez seek to recover damages from The Money Source for breach of contract relating to commissions for the loans they secured and allege that The Money Source breached the contract by underpaying those commissions.  Plaintiff Steve Hernandez alleges that he had loans that had been approved, closed, and funded within 30 days of his separation with the Company for which he was not paid.  Plaintiff Richard Hernandez claims the Company did not pay him certain manager override commissions.

Plaintiff Steve Hernandez has the burden of proving by a preponderance of the evidence:

l. that he had a contract with Defendant requiring commission to be paid for closed loans after termination.

2. That he in fact had closed loans that were not paid to him after termination.

3. That Defendant failed to pay him the commissions for the closed loans; and

4. That Plaintiff sustained damages because of Defendant's breach.

If you find that Plaintiff Steve Hernandez had a contract with Defendant and that he did what they were required to do under the contracts, and that Defendant breached the contract by not paying his commissions, you will find for Plaintiff Steve Hernandez on his breach of contract claim, and you will then go on to consider his damages.

Plaintiff Richard Hernandez has the burden of proving by a preponderance of the evidence:

l. That he had a contract with Defendant requiring a manager's override.

2. That he supervised employees who closed loans.

3. That Defendant failed to pay him a manager's override on the closed loans of the employees he directly supervised; and

4. That Plaintiffs sustained damages because of Defendant's breach.

If you find that Plaintiff Richard Hernandez had a contract with Defendant entitling him to a manager's override commission based on closed loans of those he directly supervised, and that there were closed loans by the employees he directly supervised, and that Defendant breached the contract by not paying the manager's override, you will find for Plaintiff Richard Hernandez on his breach of contract claim, and you will then go on to consider his damages.

## Damages

If you conclude that the Plaintiffs have met their burden of proving liability under one or more of the claims they assert, then you must determine the damages, if any, to which they are entitled. At the same time, if you find that the plaintiffs have not established liability as to any claim, you need not consider damages as to that claim. You should not infer that plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that a plaintiff is entitled to recovery.

In this case, the Plaintiffs seek to recover the following types of damages: (i) lost wages, and (ii) damages for emotional distress.

<u>Compensatory Damages</u>

The first type of damages that the Plaintiffs seek are known as "compensatory damages," and they are designed to put the Plaintiffs in the same position they would have been in had there been no violation of their rights.

You may award compensatory damages only for injuries that the Plaintiffs prove were caused by the unlawful conduct committed by the Defendant. You may not award damages based on pure speculation. The damages that you award must be fair compensation - no more and no less.

Please note that you may not award compensatory damages more than once to the Plaintiffs for the same injury. In other words, plaintiffs are entitled to be compensated only for injury that they actually suffered - they are entitled only to be made whole, not to recover more than they lost. Of course, if different injuries

18

are attributed to separate claims, then you must compensate the Plaintiffs fully for

all their injuries.

Compensatory damages include lost pay and emotional distress damages.

<u>Damages for Emotional Distress</u>

The Plaintiffs also seek what I will refer to as "non-economic compensatory

damages." If the Plaintiffs have proven the elements of one or more of their claims,

then they are entitled to compensatory damages for any pain and suffering caused

by the Defendant's unlawful conduct, as well as emotional distress, fear, personal

humiliation, and indignation caused by that conduct.

As I noted, compensatory damages may not be based on pure speculation or

sympathy. They must be based on those injuries that you find the Plaintiffs have

proven by a preponderance of the evidence presented at trial, and only on that

evidence. There is no requirement that evidence of the monetary value of such

intangible things as pain and suffering be introduced into evidence. There is no

exact standard for fixing the compensation to be awarded for these elements of

damages. Any award you make should be fair in light of the evidence presented at

the trial. To recover damages for mental and emotional distress, the Plaintiffs must present credible evidence with respect to the claimed distress. But psychiatric or other medical treatment is not a precondition to recovery.

That said, you may not simply award damages for any injury suffered by the Plaintiffs- you must award damages only for those injuries that were a proximate result of conduct by the Defendant that violated Plaintiffs' rights.

You are only to consider damages for emotional distress in relation to the claims for retaliation under Dodd-Frank.  Emotional damages are not recoverable for plaintiffs' breach of contract and fraud in the inducement claims.

### Specific Directions Pertaining to Damages Based on the Plaintiffs' Fraudulent Inducement Claims

If you find the Plaintiffs have established that the Defendants' fraudulent statements induced them to leave their prior employment and accept work with The Money Source, the Plaintiffs are entitled to damages stemming from that unlawful conduct.

You must decide a figure for each Plaintiff for the losses they suffered for leaving their employment with the New Penn Financial.

<u>Specific Directions Pertaining to Damages Based on Plaintiffs' Breach of Contract Claims</u>

If you decide The Money Source is liable for the commissions owed, for Richard Hernandez the amount alleged is $1,815.26 and for Steve Hernandez the amount alleged is $ 2,713.36, plus statutory interest and costs.

## PART III:  GENERAL REMARKS ABOUT DELIBERATIONS

**I.  Selecting a Foreperson and Communications with the Court**

Now that I have instructed you on the law and the process by which you should weigh the evidence and determine the facts, I will give you some guidance for your deliberations.

The first thing you must do is select a foreperson, who will sign all communications to the Court using their Juror number (and not their name) and hand them to the deputy clerk for me to read.  Once I read your note, I will have you return to the courtroom, so we can speak in person.  No member of the jury should attempt to communicate with me or with any court personnel by any means other than a signed writing from the foreperson.

And you should not tell me or anyone else how the jury stands numerically on the issues, even in open court, until after a unanimous verdict is reached.

**II.  Right to See Exhibits and Hear Testimony**

You will have most of the exhibits with you in the jury room.  If you want to see any exhibits that are not in the jury room, you may request them in writing.  We can also have portions of the trial testimony read back to you.  Please be as specific as possible when you make your request.  Tell us who the witness is and what topic you need to hear, so that it is easier and faster for us to find.

**III. Duty to Consult and Need for Unanimity**

21

The purpose of jury deliberations is to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based on the evidence presented – if you can do so without violence to your own individual judgment.  You should not hesitate to change your opinion if, after discussion with your fellow jurors, your opinion seems wrong.  If, however, after you have carefully considered all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your conviction simply because you are outnumbered.  Your final vote must reflect your conscientious judgment as to how the issues should be decided.

Your job is to reach a fair conclusion from the law and the evidence.  Each of you must decide the case for yourself, after you consider the evidence with your fellow jurors.  If the plaintiff succeeds in meeting his burden of proof, you should find for the plaintiff; if he fails, you should find against him.

Either way, your verdict must be unanimous.  All of you must reach the same conclusion as to each claim, although you can reach a unanimous verdict in favor of plaintiff on one claim and in favor of defendant on others.

## IV. Reaching a Verdict

When you have reached a unanimous verdict, please send a note signed by your foreperson that you have reached a verdict.  Do not indicate in the note what the verdict is.

You will also have a verdict sheet in the jury room.  There are questions on the sheet that you must answer, and your answers will be recorded on the sheet.  After the verdict sheet is completed, the foreperson should sign with their Juror number (and not their name) and date it and return it to the clerk.

**V.  Final Comments**

Remember that the parties and the Court are relying on you to give full and conscientious deliberation and consideration to the issues and evidence before you.  Your oath sums up your duty, and that is:  without fear or favor, you will truly try the issues between these parties according to the evidence given to you in court and the laws of the United States.